FILED _____  RECEIVED _____
ENTERED _____  SERVED ON _____
COUNSEL/PARTIES OF RECORD

JUN 2 8 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2  AMBER M. CRAIG
   Assistant United States Attorney
3  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
4  (702) 388-6336 / Fax: (702) 388-6698

5

6

7

8

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:12-cr-0211-JCM-RJJ |
| Plaintiff, | ) | |
| vs | ) | **PLEA MEMORANDUM** |
| JAMES RICHARD WILLIAMS, | ) | |
| Defendant. | ) | |

14

15       The United States, by and through DANIEL G. BOGDEN, United States Attorney,

16  and AMBER CRAIG, Assistant United States Attorney, JAMES RICHARD WILLIAMS

17  ("Defendant"), and Defendant's attorney, JONATHAN SUSSMAN, Assistant Federal Public

18  Defender, submit this plea memorandum.

19                                        **I.**

20                                **AGREEMENT**

21       The United States and the defendant have reached the following plea agreement,

22  which is not binding on the court:

23  **A.   The Plea**

24       The Defendant will waive his right to indictment by a grand jury and plead guilty to

25  a Criminal Information, charging one count of Armed Bank Robbery, in violation of Title 18,

26  United States Code, Sections 2113(a) and (d).  Defendant also agrees to the forfeiture of the

1    property set forth in the Forfeiture Allegation of the Information.

2    **B.    Additional Charges**

3              The United States will bring no additional charge or charges against the

4    defendant arising out of the investigation in the District of Nevada which culminated in this Plea

5    Memorandum.

6    **C.    Sentencing Guideline Calculations**

7              1.      Defendant understands that the court is required to consider United States

8    Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), among other factors, in

9    determining defendant's sentence.  Defendant understands that the Sentencing Guidelines are

10   advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its

11   discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of

12   conviction.

13             2.      The parties agree to the following calculations of the Sentencing Guidelines:

14   | | |
     |---|---|
     | Base Offense Level [U.S.S.G. §2B3.1(a)]: | 20 |
     | Property of a Financial Institution [U.S.S.G.§2B3.1(b)(1)]: | +2 |
     | Firearm Discharged [U.S.S.G. §2B3.1(b)(2)(A)]: | +7 |
     | Reckless Endangerment During Flight [U.S.S.G. §3C1.2]: | +2 |
     | Acceptance of Responsibility [U.S.S.G.§3E1.1(a)]: | -2 |
     | Timely Plea [U.S.S.G. §3E1.1(b)]: | -1 |

     **Total Offense Level:**                                          **28**

18             3.      The parties agree that no other specific offense characteristics apply.

19             4.      The Defendant understands that the Defendant's base offense level could be

20   increased if the Defendant qualifies as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  In

21   the event that the Defendant's offense level is so altered, the parties are not bound by the base

22   offense level stipulated to above.

23             5.      Pursuant to U.S.S.G. §3E1.1(a) the United States will recommend that

24   Defendant receive a two-level adjustment for acceptance of responsibility unless Defendant (a)

25   fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful

26   with the Court or probation officers; (c) denies involvement in the offense or provides conflicting

1   statements regarding Defendant's involvement; (d) attempts to withdraw the guilty plea; (e)

2   engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial

3   release.

4           6.      Under U.S.S.G. §3E1.1(b), the United States will, in its sole discretion,

5   make a motion for an additional one-level adjustment for acceptance of responsibility prior to

6   sentencing if Defendant timely notifies the United States of Defendant's intention to plead guilty,

7   thereby permitting the United States to avoid preparing for trial and allowing for the efficient

8   allocation of resources.

9           7.      The Defendant agrees that the court may consider any counts dismissed

10  under this agreement, along with all other relevant conduct whether charged or uncharged, in

11  determining the applicable sentencing guidelines range, the propriety and extent of any departure

12  from that range, and the determination of the sentence to be imposed after consideration of the

13  sentencing guidelines and all other relevant factors.

14          8.      Defendant's Criminal History Category will be determined by the court.

15  **D.   Other Sentencing Matters**

16          1.      The United States will recommend that Defendant be sentenced to the <u>low-</u>

17  <u>end</u> of the Guideline range unless Defendant commits any of the acts that could result in a loss of

18  the downward adjustment for acceptance of responsibility.  In exchange for the recommendation,

19  the Defendant will not request a sentence below the Guideline range contemplated by the parties

20  based on the offense level set forth above on page two (2), section C, paragraph one (1) of this Plea

21  Memorandum, nor a downward adjustment pursuant to Title 18, United States Code, Section 3553

22  from any sentence that may be imposed within the Guideline range contemplated by the parties.

23  Additionally, the Defendant will not seek a downward departure pursuant to U.S.S.G. §5K1.1.

24          2.      The parties agree that the Guideline calculations are based on information

25  now known and could change upon investigation by the United States Probation Office.  It is

26  possible that factors unknown or unforeseen by the parties to the plea agreement may be

1   considered in determining the offense level, specific offense characteristics, and other related

2   factors. In that event, defendant will not withdraw defendant's plea of guilty.

3           3.      The stipulations in this agreement do not bind either the United States

4   Probation Office or the court. Both defendant and the United States are free to: (a) supplement the

5   facts by supplying relevant information to the United States Probation Office and the court, and

6   (b) correct any and all factual misstatements relating to the calculation of the sentence.

7   **E.   Fines and Special Assessment**

8           1.      Defendant agrees that the court may impose a fine due and payable

9   immediately upon sentencing.

10          2.      Defendant will pay the special assessment of $100 per count of conviction at

11  the time of sentencing.

12  **F.   Restitution**

13          Defendant agrees to make full restitution in an amount to be determined by the Court,

14  which defendant agrees shall include all relevant conduct as determined by the Court. Defendant

15  understands that any restitution imposed by the Court may not be discharged in whole or in part in

16  any present or future bankruptcy proceeding.

17  **G.   Waiver of Appeal**

18          In exchange for the concessions made by the United States in this plea agreement,

19  defendant knowingly and expressly waives the right to appeal any sentence that is imposed within

20  or below the applicable Sentencing Guideline range as determined by the Court, further waives the

21  right to appeal the manner in which that sentence was determined on the grounds set forth in Title

22  18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the

23  conviction or sentence, including any order of restitution. Defendant also waives all collateral

24  challenges, including any claims under Title 28, United States Code, Section 2255, to his

25  conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed

26  sentence, except non-waivable claims of ineffective assistance of counsel. Defendant reserves only

1  the right to appeal any portion of the sentence that is an upward departure or higher than the

2  sentencing guideline range determined by the parties.

3  **H.  Additional Promises, Agreements, and Conditions**

4        1.      In exchange for the United States entering into this agreement, defendant agrees that

5  (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant

6  under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at

7  sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not

8  plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or

9  representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all

10  rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in

11  Section IV of the Plea Agreement to the extent set forth above.

12        2.      The parties agree that no promises, agreements, and conditions have been entered

13  into other than those set forth in this plea memorandum, and not will be entered into unless in

14  writing and signed by all parties.

15  **I.   Limitations**

16        This Plea Agreement is limited to the United States Attorney's Office for the District of

17  Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory

18  authority. However, this Plea Memorandum does not prohibit the United States through any

19  agency thereof, the United States Attorney's office for the District of Nevada, or any third party

20  from initiating or prosecuting any civil proceeding directly or indirectly involving defendant,

21  including but not limited to, proceedings under the False Claims Act relating to potential civil

22  monetary liability or by the Internal Revenue Service relating to potential tax liability.

23  **J.   Forfeiture**

24        1. Defendant knowingly and voluntarily agrees to the abandonment, the civil

25  administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the:

26

a)     Titan, .25 caliber semi-automatic pistol, black and silver with wood grain handle, Serial No. ED86124; and

b)     any and all ammunition ("property").

2. Defendant knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

3. Defendant knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

4. Defendant knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

5. Defendant knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

6. Defendant knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property.

7. Defendant knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

8. Defendant knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property.

9. Defendant knowingly and voluntarily agrees to waive his right to a jury trial on the forfeiture of the property.

10. Defendant knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or

1  claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States

2  Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and

3  unusual punishment in any proceedings concerning the property.

4          11. Defendant knowingly and voluntarily agrees to the entry of an Order of

5  Forfeiture of the property to the United States.

6          12. Defendant knowingly and voluntarily agrees and understands the abandonment,

7  the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the

8  property shall not be treated as satisfaction of any assessment, fine, restitution, cost of

9  imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the

10  abandonment or the forfeiture.

11                                          **II.**

12                                      **PENALTY**

13          1.      The maximum penalty for the offense of Armed Bank Robbery, Title

14  18, United States Code, Sections 2113(a) and (d), is not more than twenty-five (25) years

15  imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both.

16          2.      Defendant is subject to a supervised release for a term not exceeding five (5) years.

17  Supervised release is a period of time following imprisonment during which defendant will be

18  subject to various restrictions and requirements. Defendant understands that if defendant violates

19  one or more of the conditions of any supervised release imposed, defendant may be returned to

20  prison for all or part of the term of supervised release, which could result in defendant serving a

21  total term of imprisonment greater than the statutory maximum stated above.

22          3.      Defendant must pay a special assessment of one-hundred ($100) for each count of

23  conviction.

24          4.      Defendant is required to pay for the costs of imprisonment, probation, and

25  supervised release, unless defendant establishes that defendant does not have the ability to pay such

26  costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

The essential elements for the crime of Armed Bank Robbery, Title 18, United States Code, Sections 2113(a) and (d), are the following:

1.      The defendant took money belonging to a financial institution;

2.      The defendant used force and violence, or intimidation in doing so;

3.      The deposits of the financial institution were then insured by the Federal Deposit Insurance Corporation; and

4.      The defendant intentionally made a display of force that reasonably caused another to fear bodily harm by utilizing a firearm.

*See* NINTH CIR. MANUEL OF MODEL JURY INSTR., Criminal 8.162 (2010 ed.).

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1.      Defendant is pleading guilty because defendant is guilty of the charged offense.

2.      In pleading to the offenses, defendant acknowledges that if defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

3.      Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

On or about April 16, 2012, Defendant James Richard Williams, aided and abetted by co-defendant Keyunna Latress Johnson, robbed the U.S. Bank located at 5891 W. Craig Road, Las Vegas, Nevada, of approximately $7,575.00 in United States currency through the use of force, violence, and intimidation.  Defendant entered the bank wearing a mask/hood, approached the victim tellers, pointed a gun at the, and stated, "Give me money now, now.  I have a gun.  Hurry up.  Money, money, money now."  The victim teller gave the Defendant United States currency that contained bait bills and a tracking device.  At the time of the robbery, the deposits of the U.S. Bank were insured by the Federal Deposit Insurance Corporation.

Defendant fled the bank in a vehicle driven by co-defendant Johnson, but they soon switched places so that Defendant could drive.  Officers with the Las Vegas Metropolitan Police Department began to follow the vehicle, which matched the description provided by the victim tellers, with the help of the tracking device.  A high-speed pursuit ensued, during which Defendant tried to ram officers' vehicles, swerved around spike strips deployed by officers, and drove into oncoming traffic.  Defendant drove through a red light and both he and Johnson jumped from the moving vehicle, which continued to travel and crashed into a residential fence.  Defendant, who jumped from the car with the gun he used in the bank robbery, shot himself in the head and was apprehended.

All of the foregoing facts occurred in the State and Federal District of Nevada .

## V.

## ACKNOWLEDGMENT

1.      Defendant acknowledges by his signature below that he has read this Memorandum of Plea Agreement, understands the terms and conditions, and the factual basis set forth herein, that he has discussed these matters with his attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2.      Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States.  Specifically, defendant is giving up:

a.      The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

b.      The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

c.      The right to remain silent at such trial, with such silence not to be used against defendant in any way;

d.      The right, should defendant so choose, to testify in defendant's own behalf at such a trial;

e.      The right to compel witnesses to appear at such a trial, and to testify in defendant's behalf; and,

f.      The right to have the assistance of an attorney at all stages of such proceedings.

3.      Defendant, defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either defendant, defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

6/11/12
DATED

AMBER M. CRAIG
Assistant United States Attorney

6/8/12
DATED

JAMES RICHARD WILLIAMS
Defendant

6/8/12
DATED

JONATHAN SUSSMAN
Counsel for Defendant